## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**MARTIN MARIETTA MATERIALS, INC.**                    **CIVIL ACTION**

**VERSUS**

**COASTAL BRIDGE COMPANY, INC.**                    **NO.: 19-00298-BAJ-RLB**

## RULING AND ORDER

Before the Court is Plaintiff's Motion for Summary Judgment (Doc. 18). For the reasons stated herein, Plaintiff's Motion is **DENIED**.

## I.    BACKGROUND

This case arises from a suit on an open account. Plaintiff, a domiciliary of North Carolina, alleges that between November 6, 2018 and February 8, 2019, it reached an agreement with Defendant, a domiciliary of Louisiana, to sell crushed stone aggregate for construction projects. (Doc. 1 at p. 2). After the execution of the sale agreement, Plaintiff alleges that Defendant took possession of the aggregate at Plaintiff's materials yard in Tampa, Florida. (Id.). Plaintiff further alleges that Defendant never made a payment for the aggregate stone. (Id.).

Plaintiff claims that Defendant owes $578,535.14 for the aggregate stone. (Id. at p. 3). Plaintiff alleges to have periodically issued invoices to Defendant via mail. (Id. at p. 2). Plaintiff claims that pursuant to the invoices submitted to Defendant, payment for the aggregate became due 30 days after receipt of the invoice. (See Doc. 1, Exhibit A.) Plaintiff asserts that Defendant failed to pay any amount for

the sale of the aggregate.

In its Complaint (Doc. 1), Plaintiff asserts claims for breach of contract and a suit on an open account pursuant to LA R.S. 9:2781. In the instant motion, Plaintiff alleges that there is no genuine issue of material fact that it is entitled to the balance due on the open account, interest, and attorney's fees. Defendant filed an opposition to the instant motion. (Docs. 20, 24). Defendant admits to its purchase of some aggregate stone from Plaintiff but denies receiving delivery of any of the aggregate stone and owing the amount allegedly due. (Doc. 20-1 at p. 1).

## II.    LEGAL STANDARD

Pursuant to Rule 56, "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the Court views the facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Coleman v. Houston Independent School Dist*, 113 F.3d 528, 533 (5th Cir. 1997).

After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). At this stage, the Court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059 (1992). However, if the evidence in the record is such that a reasonable

jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor, the motion for summary judgment must be denied. *Int'l Shortstop, Inc.*, 939 F.2d at 1263.

On the other hand, the non-movant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In other words, summary judgment will be appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972).

## III. DISCUSSION

### A. Arguments of the Parties

Plaintiff asserts that there is no genuine issue of material fact that an outstanding balance is owed by Defendant for the purchase and subsequent possession of the stone aggregate, that Plaintiff is entitled to recover attorney's fees, and that the balance is subject to interest under Louisiana law. Plaintiff argues that from November 2018 to February 2019, Defendant agreed to purchase the crushed stone aggregate and took possession of the crushed stone aggregate at Plaintiff's

materials yard in Tampa, Florida. (Doc. 25 at p. 2). Plaintiff further argues that it sent invoices to Defendant, via mail, and sent notices about the outstanding debt. Id.

Defendant argues that summary judgment is not proper because Plaintiff cannot prove that Defendant purchased and possessed the full amount of the aggregate stone claimed. Defendant admits that it purchased some materials from Plaintiff but denies the amount claimed by Plaintiff. (Doc. 20-1 at p. 1). Defendant argues that it never received an invoice for any of the amounts claimed to be due, and that it never took possession of any of the aggregate. (Id.)  Defendant further asserts that it is company policy for its drivers to obtain hauling tickets when they pick up materials, and after a diligent search through its records, Defendant has not found any hauling tickets for the aggregate that Plaintiff alleges Defendant picked up. (Doc. 24 at p. 4).  Defendant further alleges that it is also company policy to issue a purchase order for materials prior to purchase, and Defendant has not located any purchase orders for materials related to this matter. (Id).

Defendant also argues that Plaintiff cannot prove the sale of alleged amount of aggregate because the invoices are addressed to "Coastal Bridge Company, Inc." Defendant asserts that its legal name is "Coastal Bridge Company, LLC"; thus, Plaintiff made a sale with a different entity than Defendant. (Doc. 24 at p. 5). Plaintiff argues that it intended to and did indeed invoice Defendant and that the term "Inc." was a clerical error that should not overcome summary judgment. (Doc. 25 at p. 4).

**B.     Evidence Submitted**

Plaintiff has submitted several documents to prove its business relationship with Defendant. Plaintiff submitted an affidavit from Lisa Cayruth, Plaintiff's credit manager. In the affidavit, Cayruth testified that, as the credit manager, she has personal knowledge regarding the invoices and extension of credit lines to Defendant. She testified that from November 6, 2018 through February 8, 2019, Plaintiff sent invoices to Defendant for the crushed stone aggregate that Defendant agreed to purchase and that the invoices became due 30 days after Defendant's receipt of them. (Doc. 18-3, Exhibit 1). She further testified that Defendant has not yet made a payment for any of the product sold and that the invoices reflect a balance of $578,525.14. (Id.). Plaintiff also submitted the credit application and other related credit documents completed by Defendant and copies of invoices for the sale of the crushed stone aggregate dated from November 8, 2018 through February 11, 2019. (Id., Exhibits A, B, and C). To prove that Coastal Bridge, Inc. is the same entity as Defendant, Plaintiff submitted Defendant's "Agreement and Plan of Merger" to show that Coastal Bridge, Inc. became Coastal Bridge Company, LLC in 1999. (Doc. 18-4).

To overcome summary judgment, Defendant must provide evidence to establish a dispute of fact as to the existence of the open account or the amount due. Defendant submitted an affidavit from Kelly Sills, president of Defendant. In the affidavit, Sills testified that to his personal knowledge, Defendant was never invoiced for any of the amount allegedly due and has no documents indicating a purchase from Plaintiff. (Doc. 24-2 at p. 2). He further testified to the company policy and practice

5

for its drivers to obtain hauling tickets when they pick up materials and that despite a diligent search, Defendant has not found any hauling tickets for the aggregate that Plaintiff claims it possessed. (Id). Sills also testified to the company policy and practice to issue a purchase order for materials prior to purchase, and that Defendant has not found any purchase orders for the aggregate. (Id.).

LA R.S. 9:2781(D), an open account "includes any accounts for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions." To prevail on a suit on an open account, the creditor must first prove the account by showing that the records of the account were kept in the course of business and by introducing evidence regarding its accuracy. *Jeld-Wen, Inc. v. Sissco, L.L.C.,* No. CV 06-282-DLD, 2007 WL 9706570, at *2 (M.D. La. May 10, 2007) (citing *Jacobs Chiropractic Clinic v. Holloway*, 589 So.2d 31,34 (La. App. 1 Cir. 1991)). Once a prima facie case has been established by the creditor, the burden shifts to the debtor to prove the inaccuracy of the account. *Id.*

The Court finds that Plaintiff has a made a prima facie case for a suit on an open account against Defendant. Although the invoices bear the name "Coastal Bridge Co. Inc.," Plaintiff's submission of Defendant's credit application and credit records, which display the name "Coastal Bridge Co., LLC" and the same address on the invoices, show that it is Defendant that has an account with Plaintiff and not a different entity, as Defendant argues. The entry of the word "Inc." instead of "LLC" on the invoices is nothing more than a clerical error, as Plaintiff has asserted.

6

Cayruth's affidavit, the copies of the invoices and Defendant's credit records, are sufficient to prove that records of Defendant's account were kept in the ordinary course of business. Although Plaintiff submitted the invoices to prove the accuracy of the amount due, the Court finds that Defendant has produced an affidavit that is sufficient to dispute the amount owed. Sills' affidavit was sufficient to show that there is a genuine issue of material fact as to whether the amount is owed because there is a dispute as to whether Defendant picked up the aggregate. Outside of the invoices and demand letters, Plaintiff failed to provide, at this stage of the litigation, any evidence that Defendant actually possessed the aggregate to dispute Sills' affidavit. Any such evidence will be received and considered at trial. Due to the prominent issue of material fact as to whether Defendant possessed the aggregate stone, which creates a genuine issue, the Court must deny Plaintiff's motion.

IV.    **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion (Doc. 18) is **DENIED**.

Baton Rouge, Louisiana, this 13th day of July, 2020

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**