UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARTIN MARIETTA MATERIALS, INC.** | **CIVIL ACTION** |
| **VERSUS** | |
| **COASTAL BRIDGE COMPANY, INC., ET AL.** | **NO. 19-00298-BAJ-SDJ** |

## ORDER

Before the Court is Plaintiff's Re-Urged Motion for Summary Judgment (Doc. 60). Defendant opposes Plaintiff's Re-Urged Motion (Doc. 63), and Plaintiff has filed a reply memorandum in further support of its position (Doc. 64). For the reasons stated herein, Plaintiff's Re-Urged Motion is **DENIED**.

### I. RELEVANT FACTS AND PROCEDURAL HISTORY

For efficiency, the Court adopts the factual and procedural background set forth in its July 13, 2020 Order denying Plaintiff's original Motion for Summary Judgment. (Doc. 50). In relevant part, that Order denied judgment on Plaintiff's claim of a $578,525.14 balance due on Defendant's account because the evidence established a genuine dispute regarding how much stone aggregate Plaintiff delivered to Defendant. (*Id.* at 7). This unsettled issue of how much stone aggregate Defendant "actually possessed," in turn, created a genuine dispute regarding the amount Defendant ultimately owed. (*Id.*). Plaintiff's Re-Urged Motion seeks to put these remaining disputes to rest.

## II.    LAW AND ANALYSIS

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) When assessing whether a dispute to any material fact exists, the Court considers all of the evidence in the record but must "refrain from making credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)). Summary judgment is appropriate only if a reasonable jury could not return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In its Re-Urged Motion, Plaintiff contends that the "Court can now decide the final issue of whether [Defendant] took possession of the aggregate stone"—and, in turn, the amount ultimately due—based on invoices and weigh tickets issued when Plaintiff loaded the disputed stone aggregate on trucks allegedly bound for Defendant's plant, and related deposition testimony. (Doc. 60-1 at 4). Defendant responds that Plaintiff has largely failed to produce receipt tickets signed by Defendant's representatives upon *delivery*, which would support the amount claimed due. (Doc. 63 at 2). Further, Defendant points to deposition testimony of its President, Kenny Sills, who testified that it was Defendant's policy to issue a signed delivery ticket upon receipt of materials; that a signed delivery ticket should exist for each order of aggregate allegedly delivered to Defendant; that upon review of Defendant's records, he could not "validate the asphalt" allegedly delivered by Plaintiff; and that the missing delivery tickets coupled with a balance "six times as much as my bill

2

normally" raises serious "red flags," and indicates that "something was going wrong." (*Id.* at 3-4, 7, 10).

Upon reviewing this conflicting evidence, the Court finds itself in the same position as before: A genuine dispute exists regarding whether Plaintiff delivered, and Defendant possessed, the full amount of stone aggregate for which Plaintiff seeks payment. Relevant Louisiana authority indicates that summary judgment for suit on an open account is inappropriate when the defendant disputes having received the product at issue, and the plaintiff cannot produce a signed delivery ticket. *See Port Aggregates, Inc. v. Woodrow Wilson Const. Co.*, No. 93–1092 (La. App. 5 Cir. 4/6/94). To the point, without signed delivery tickets evidencing Defendant's receipt of Plaintiff's stone aggregate, the Court is necessarily required to weigh competing evidence and make credibility determinations regarding key witnesses. Such determinations are reserved for trial, not summary judgment. *Turner*, 476 F.3d at 343; *see also Deville v. Marcantel*, 567 F.3d 156, 165 (5th Cir. 2009) ("Summary judgment is not appropriate when 'questions about the credibility of key witnesses loom ... large' and the evidence could permit the trier-of-fact to treat their testimony with 'skeptical scrutiny.'" (quoting *Thomas v. Great Atl. & Pac. Tea Co.*, 233 F.3d 326, 331 (5th Cir. 2000)).

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Re-Urged Motion for Summary Judgment

(Doc. 60) is **DENIED**.

          Baton Rouge, Louisiana, this 19th day of February, 2021

          _____
          **JUDGE BRIAN A. JACKSON**
          **UNITED STATES DISTRICT COURT**
          **MIDDLE DISTRICT OF LOUISIANA**