UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARTIN MARIETTA MATERIALS, INC.** | **CIVIL ACTION** |
| **VERSUS** | |
| **COASTAL BRIDGE COMPANY, INC., ET AL.** | **NO. 19-00298-BAJ-SDJ** |

## RULING AND ORDER

Before the Court is Defendants' Rule 12(c) Motion To Dismiss (Doc. 75), seeking dismissal of Plaintiff's claim for money owed on an open account, on the sole basis that Florida law, not Louisiana law, controls this dispute. Plaintiff opposes Defendants' Motion (Doc. 79), and Defendants have filed a reply memorandum in further support of their position (Doc. 80). For the following reasons, Defendants' Motion will be **DENIED**.

First, Defendants' Motion comes 16 months after the dispositive motion deadline set in the Court's July 19, 2019 Scheduling Order (Doc. 16), and is therefore untimely absent a showing of "good cause." *See Argo v. Woods*, 399 F. App'x 1, 2010 WL 3522047 at *3 (5th Cir. 2010). Defendants have not even attempted to show good cause for their delay. Indeed, they would be hard-pressed to show good cause on the present record. Plaintiff stated its claim for money owed on an open account under La. R.S. § 9:2781 in its original Complaint of May 10, 2019 (Doc. 1 at ¶ 13), yet this is the first time in two years of litigation that Defendants have raised a defense that Louisiana law does not apply. In the meantime, Defendants have filed an Answer,

and engaged in multiple rounds of summary judgment briefing, without once even mentioning a potential choice of law issue. (*See* Docs. 12, 24, 63). Having failed to provide a persuasive reason for injecting this affirmative defense at the eleventh hour, Defendants' Motion will be denied as untimely. *Argo*, 2010 WL 3522047 at *3 (district court properly denied defendant's Rule 12(c) motion filed after the dispositive motion deadline as untimely where defendant failed to show good cause for delay (citing cases)).

Second, Defendants' Motion goes beyond the bounds of Rule 12(c), which limits the Court's review to the uncontested *allegations* of Plaintiff's Complaint. *St. Paul Ins. Co. of Bellaire, Texas v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991) ("A court which considers a motion for a 12(b)(6) or 12(c) dismissal must look only at the pleadings and accept all allegations in them as true."). Here, by contrast, Defendants expressly invite the Court to consider the *evidence*, insisting that "[t]he record is clear that the entirety of the transactions occurred in Florida between two business that operate facilities in Florida." (Doc. 75-1 at 1). If the Court reviews such evidence, it must convert Defendants' Motion to a motion for summary judgment, and, in turn, allow Plaintiff adequate opportunity to respond, possibly to include developing additional summary judgment evidence. Fed. R. Civ. P. 12(d); *see also St. Paul Ins. Co. of Bellaire, Texas*, 937 F.2d at 279. Again, the dispositive motion deadline has passed, and the Court will not upset the current trial date—which has already been rescheduled multiple times—to accommodate Defendants' newfound choice of law concerns.

Finally, and in any event, the relief Defendants seek—wholesale dismissal of Plaintiff's claim for money owed on an open account—far exceeds the argument and authorities set forth in Defendants' Motion. Even if Defendants are ultimately correct that Florida law governs this action (or merely this claim[1]), Plaintiff's claim may still proceed to trial because Florida, like Louisiana, recognizes actions on an open account. *See L. Offs. of David J. Stern, P.A. v. U.S. Bank, Nat'l Ass'n*, No. 11-cv-21397, 2011 WL 13223736, at *3 (S.D. Fla. June 10, 2011) ("In *Evans v. Delro Industries, Inc.*, [509 So. 2d 1262, 1263 (Fla. 1st DCA 1987)] the court listed the elements of an action on open account as (1) a contract between creditor and debtor; (2) where the amount claimed by the creditor represents either an agreed on sales price or the reasonable value of goods delivered; and (3) that goods were actually delivered."). Further, should Plaintiff prevail, Florida's reciprocal fee statute may allow Plaintiff to recover attorneys' fees, provided that the underlying "contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract." Fla. Stat. § 57.105(7). Whether such a contract exists here is a question of fact that has not been addressed by the parties, and will be determined at trial.

Accordingly,

**IT IS ORDERED** that Defendants' Rule 12(c) Motion To Dismiss (Doc. 75) is

---

[1] Louisiana choice of law rules incorporate the concept of "dépeçage," allowing the law of different states to apply to different claims or issues within the same dispute. Comment (d) to La. C.C. art. 3515; *Favaroth v. Appleyard*, 2000–0359 (La. App. 4 Cir. 5/21/01), 785 So.2d 262, 265.

3

**DENIED**.[2]

Baton Rouge, Louisiana, this 29th day of April, 2021

*[signature]*

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[2] This Order is issued without prejudice to Defendants' right to re-urge judgment regarding the issue of whether Florida law controls this dispute, *after* Plaintiff has presented its case at trial. *See* Fed. R. Civ. P. 52(c).

4